LAW OFFICE OF BRIAN L. GREBEN
Brian L. Greben, Esq.
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357

Attorneys for Named Plaintiff, FLSA
Collective Plaintiffs and Class Members

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LEON MILLER III, on behalf of himself    **INDEX NO.**
and others similarly situated,

      Plaintiff,    **COMPLAINT**

      v.    **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

The CITY OF NEW YORK and the
DEPARTMENT OF EDUCATION OF    **DEMAND FOR JURY TRIAL**
THE CITY OF NEW YORK,

      Defendants.
---------------------------------------------------------X

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

1. Plaintiff, on behalf of himself and all others similarly situated, brings this lawsuit seeking recovery against defendants for defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and alleges that he is entitled to recover from defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff, on behalf of himself and all others similarly situated, further brings this lawsuit seeking recovery against defendants for defendant's violation of the New York Labor Law, Art. 6, § 190 *et. seq.*, and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. §§ 142, 143 (collectively "NYLL").

3. Plaintiff retained the Law Office of Brian L. Greben to represent plaintiff, FLSA

collective plaintiffs and class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

4. Plaintiff's consent to sue form is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

5. The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the district because defendants conduct business in the district, and the acts and/or omissions giving rise to the claims herein alleged took place in the district.

## THE PARTIES

7. Plaintiff Leon Miller is a resident of Fort Lee, New Jersey.

8. Defendant City of New York ("NYC") is, *inter alia*, an entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Sections 3(d) and (x) of the FLSA, 29 U.S.C. § 203 (d) and (x). The City of New York has a principal office and place of business located at City Hall, New York, New York 10007 and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, New York, 10007.

9. Defendant Department of Education ("DOE") is a body established prusant to New York State Ediucation Law §§ 2590-b and 2590-g, and is, *inter alia,* an entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Sections 3(d) and (x) of the FLSA, 29 U.S.C. § 203 (d) and (x). The DOE has a principal office and place of business located at the Tweed Courthouse, 52 Chambers Street,

New York, New York 10007 and may be served with process by serving the Office of the General Counsel of the DOE, 52 Chambers Street, New York, New York, 10007, and the Office of Corporation Counsel, 100 Church Street, New York, New York, 10007.

10. At all relevant times, defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

11. At all relevant times, defendants have employed, "employee[s]," including plaintiff, the FLSA collective plaintiffs and class members, and those similarly situated under the FLSA and New York Labor Law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings and seeks to prosecute his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by defendants, including all employees who are or were formerly employed by defendants as "cleaners," "handymen," "firemen," "stationary engineers," and/or other similarly situated current and former employees holding comparable positions, but different titles ("FLSA collective plaintiffs"), at any time on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Collective Action Period").

13. At all relevant times prior to August 12, 2016, plaintiff and the other FLSA collective plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules, including willfully failing and refusing to pay plaintiff and the other FLSA collective plaintiffs one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek. The claims of plaintiff stated herein are essentially the same as those of the other

FLSA Collective Plaintiffs.

14. The FLSA Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b).

15. The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to defendants.

## **RULE 23 CLASS ALLEGATIONS - NEW YORK**

16. Plaintiff brings New York State law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by defendants, including all employees who are or were formerly employed by defendants as "cleaners," "handymen," "firemen," "stationary engineers," and/or other similarly situated current and former employees holding comparable positions, but different titles, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the class members are determinable from the records of defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from defendant' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

18. The proposed Class is so numerous that joinder of all Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that

number are presently within the sole control of defendants, upon information and belief, there are more than two hundred (200) Members of the Class.

19. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the class members were subject to the same practices of defendants, as alleged herein, including willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek. Defendants' policies and practices affected all class members similarly, and defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by an attorney who is experienced and competent in both Class action litigation and employment litigation and has previously represented clients in wage and hour cases.

21. A Class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to a Class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a Class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a Class action would result in a significant saving of these costs. The prosecution of separate actions by individual Members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, Class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a Class action.

22. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> (a) Whether defendants properly compensated plaintiff and class members for overtime by paying them overtime pay for the hours worked in excess of forty (40) hours per workweek within the meaning of NYLL Article 19, § *et seq.* and the supporting New York State Department of Labor

Regulations, 12 N.Y.C.R.R. Part 142;

(b) Whether defendants willfully failed to compensate plaintiff and class members for overtime by paying them overtime pay for the hours worked in excess of forty (40) hours per workweek within the meaning of NYLL Article 19, § *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(c) The nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

(d) Whether defendants had a policy of misclassifying "cleaners," "handymen," "firemen," "stationary engineers," and other similarly situated current and former employees holding comparable positions from coverage of the overtime provisions of the NYLL;

(e) Whether defendants' policy of misclassifying "cleaners," "handymen," "firemen," "stationary engineers," and other similarly situated current and former employees holding comparable positions was done willfully;

(f) Whether defendants can prove that their unlawful policies were implemented in good faith.

## FACTS

24. Plaintiff was hired by defendants in 1999, and has been continuously employed by defendants since that time.

25. Plaintiff's initial job title was "cleaner." In 2008, his job title was changed to "handyman." In December 2015, his title was changed to "fireman." Plaintiff's job duties did not meaningfully change, regardless of his title.

26. From the beginning of plaintiff's employment with defendants through December

22, 2016, plaintiff worked at P.S. 170, 1598 Townsend Avenue, Bronx, New York, 10452. From March 21, 2006, through the present date, plaintiff has also worked at P.S. 173, 1871 Walton Avenue, Bronx, New York, 10453.

27. Throughout plaintiff's employment with defendants, regardless of his title, his work for defendants primarily included:

    (a)    emptying trash cans;

    (b)    washing trash cans;

    (c)    removing chewing gum;

    (d)    sweeping;

    (e)    mopping;

    (f)    cleaning sinks and water fountains;

    (g)    vacuuming rugs;

    (h)    replacing lamps in classrooms, offices and corridors;

    (i)    cleaning glass in classrooms and exit doors

    (j)    cleaning window sills and "kick plates";

    (k)    dusting;

    (l)    cleaning and sanitizing all bathrooms, including walls, stalls, bowls, seats, sinks and floor;

    (m)    restocking toilet paper, soap and paper towels;

    (n)    polishing metallic surfaces;

    (o)    removing graffiti;

    (p)    cleaning mirrors;

    (q)    removing marks, smudges and graffiti from tile and painted surfaces;

    (r)    buffing floors;

(s) opening buildings and starting heating plant;

(t) monitoring HVAC unit;

(u) turning on lights;

(v) unlocking exterior doors;

(w) testing air, fire and intrusion alarms;

(x) testing sprinkler systems

(y) filling out forms according to boiler reading and outside temperature;

(z) clearing outside area and play yard area daily;

(aa) weeding and trimming bushes;

(bb) washing outside area;

(cc) restocking bathrooms;

(dd) spot checking for any unsanitary hazards;

(ee) organizing supplies, taking inventory, reporting any needed material;

(ff) performing any necessary preventive maintenance to equipment;

(gg) clearing roof area;

(hh) greasing and oiling motors and fans; and

(ii) cleaning boiler tubes, boiler interior, tees, breechings and all accessible areas of the boiler.

28. At no time has plaintiff's job duties included hiring or firing other employees.

29. At no time did plaintiff have the power to discipline other employees.

30. At no time has plaintiff's duties differed substantially from defendants' non-exempt hourly paid employees.

31. At no time has plaintiff exercised a meaningful degree of independent discretion with respect to the exercise of his duties.

32. At all times while working for defendants, plaintiff's primary duties were manual in nature, and manual duties occupied the majority of his working hours.

33. From March 2006 through December 22, 2016, plaintiff worked approximately seventy (70) hours per week for defendants.

34. From December 22, 2016, through the present, plaintiff has worked approximately forty (40) hours per week for defendants.

35. Defendants compensated plaintiff for his work as follows:

   (a) From December 21, 1999 to June 14, 2007: $17.17 per hour;

   (b) From June 15, 2007 to January 2009: $20.33 per hour;

   (c) From January 2009 to December 2015: $23.10 per hour;

   (d) From December 2015 to August 12, 2015: $25.79 per hour; and

   (e) From August 12, 2015, and continuing through the present date: $30.34 per hour.

36. On or about August 12, 2016, defendants began using a new payroll company with respect to the payment of plaintiff's compensation. Soon thereafter, defendants began paying plaintiff overtime at a rate of 1.5 times his regular hourly rate for hours worked in excess of forty (40) hours per work week. This change was apparently caused by the new payroll company's realization that, up to that point, defendants had unlawfully failed to pay plaintiff overtime at a rate of 1.5 times his regular hourly rate for hours worked in excess of forty (40) hours per work week.

37. At no time prior to approximately August 12, 2016, had defendants paid plaintiff overtime at a rate of 1.5 times his regular hourly rate for hours worked in excess of forty (40) hours per work week, as they were required to do under the FLSA and the NYLL.

38. Plaintiff believes there are at least two hundred (200) similarly situated

employees to whom, at least until August 12, 2016, defendants unlawfully failed to pay overtime at a rate of 1.5 times their regular hourly rate for hours worked in excess of forty (40) hours per work week.

39. Defendants knowingly and willfully operated their business with a policy of not paying overtime at a rate of 1.5 times each employee's regular hourly rate to plaintiff, FLSA collective plaintiffs, and class members.

## **FIRST CLAIM FOR RELIEF**

(FLSA Overtime Violations, 29 U.S.C. § 201, et seq. Brought by
Plaintiff on Behalf of Himself, the FLSA Collective Plaintiffs and Class Members)

40. Plaintiff, on behalf of himself, the FLSA collective plaintiffs and class members, realleges and incorporates by reference all previous paragraphs.

41. Throughout the statute of limitations period covered by these claims, the FLSA collective plaintiffs and class members regularly worked in excess of forty (40) hours per workweek and continue to do so.

42. At all relevant times prior to August 12, 2016, defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff, FLSA collective plaintiffs and class members at one-and-one-half times their regular hourly rates for work in excess of forty (40) hours per workweek, even though plaintiff, the FLSA collective plaintiffs and class members have been and are entitled to overtime.

43. At all relevant times prior to August 12, 2016, defendants willfully, regularly and repeatedly failed to pay plaintiff, the FLSA collective plaintiffs and class members at the required overtime rates of at least one- and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

44. Plaintiff, on behalf of himself, the FLSA collective plaintiffs and class members,

seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(New York Overtime Violations, N.Y. Lab. L.
§ 650 et seq., N.Y. Comp. Codes R. & Regs. § 142 et seq.,
Brought by Plaintiff, the FLSA Collective Plaintiffs and Class Members)

45. Plaintiff, on behalf of himself, the FLSA collective plaintiffs and class members, realleges and incorporates by reference all previous paragraphs.

46. At all relevant times prior to August 12, 2016, plaintiff was an employee and defendants were employers within the meaning of NYLL.

47. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendants.

48. It is unlawful under New York law for employers to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

49. Throughout the class period, defendants willfully, regularly and repeatedly failed to pay plaintiff, the FLSA collective plaintiffs and class members at the required overtime rates, one-and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

50. By failing to pay plaintiff and the class members overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, the regulations in 12 N.Y.C.R.R. §§ 142, 143.

51. As a result of defendants' willful and unlawful conduct, plaintiff, the FLSA collective plaintiffs and class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Members of the FLSA opt-in Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a Class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary,

just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand jury trial on all causes of action and claims with respect to which they have a right.

Dated: Great Neck, New York
January 3, 2017

                            LAW OFFICE OF BRIAN L. GREBEN

                            Brian L. Greben
                            Attorneys for Plaintiff
                            LEON MILLER III
                            316 Great Neck Road
                            Great Neck, NY 11021
                            (516) 304-5357

To:    Attorneys for Defendants